Todd M. Friedman (216752)
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877 206-4741
Fax: 866 623-0228
tfriedman@attorneysforconsumers.com
Attorney for Plaintiff

E-filing

COPY
ORIGINAL FILED
09 APR 22 PM 3: 16
RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| NOEMI DIAZ, ) | Case No. C09 01761 RS |
| Plaintiff, ) | COMPLAINT FOR VIOLATION |
| ) | OF FEDERAL FAIR DEBT |
| vs. ) | COLLECTION PRACTICES ACT, |
| ) | ROSENTHAL FAIR DEBT |
| MANN BRACKEN, LLP ) | COLLECTION PRACTICES ACT, |
| Defendant. ) | |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code § 1788, *et seq.* (hereinafter "RFDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair

practices. Ancillary to the claims above, Plaintiff further alleges claims for invasion of privacy arising from intrusion upon seclusion and public disclosure of private facts.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d).

## III. PARTIES

3. Plaintiff, Celeste Robertson ("Plaintiff"), is a natural person residing in Humboldt county in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3) and is a "debtor" as defined by Cal Civ Code 1788.2(h).

4. At all relevant times herein, Defendant, Mann Bracken, LLP, ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code § 1788.2(f). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6), and RFDCPA, Cal Civ Code § 1788.2(c).

## IV. FACTUAL ALLEGATIONS

5. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint,

Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt. Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

a). Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff (§ 1692d) and falsely representing or implying that Plaintiff had committed a crime or other conduct, in order to disgrace Plaintiff. (§ 1692e(7)). Specifically, Defendant, in an attempt to collect a an alleged debt from Plaintiff that she did not owe, implied that Plaintiff's husband used her social security number to open a Bally's fitness account for other women, and accused Plaintiff of using her own children's social security numbers to get credit for herself;

b). Collecting an amount from Plaintiff that is not expressly authorized by the agreement creating the debt and collecting an amount from Plaintiff that is not permitted by law (§ 1692f(1)). Specifically, Defendant is attempting to collect a debt from an alleged Bally's Fitness account that is not Plaintiff's debt. Plaintiff has explained this fact to Defendant on numerous occasions but Defendant still attempts to collect on the same;

c). Communicating or threatening to communicate credit information which is known or which should be known to be false, (§ 1692e(8), and falsely representing that information concerning Plaintiff's failure or alleged failure to

pay a consumer debt has been or is about to be referred to a consumer reporting agency (Cal Civ Code § 1788.13(f))). Specifically, in a telephone with Plaintiff, Defendant claimed to pull up Plaintiff's credit report and told Plaintiff that the alleged Bally's account which was the subject of Defendant's collection activity, was on her credit report as well as a collection with Sallie Mae. Plaintiff alleges that this information is false;

d). Using false, deceptive, or misleading representations or means in connection with collection of a debt, (§ 1692 e(10), and falsely representing that Plaintiff's debt may be increased by the addition of attorney's fees, investigation fees, service fees, finance charges, or other charges, where, in fact, such fees or charges could not legally have been added to the existing obligation (Cal Civ Code § 1788.13(e)). Specifically, Defendant told Plaintiff that if she disputed the alleged debt, Plaintiff would be responsible for fines for extra time Defendant spent pursuing the matter;

6. As a result of the above violations of the FDCPA, RFDCPA and invasion of privacy, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

7.  Plaintiff reincorporates by reference all of the preceding paragraphs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A.  Declaratory judgment that Defendant's conduct violated the FDCPA;

    B.  Actual damages;

    C.  Statutory damages;

    D.  Costs and reasonable attorney's fees; and,

    E.  For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

8.  Plaintiff reincorporates by reference all of the preceding paragraphs.

9.  To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A.  Declaratory judgment that Defendant's conduct violated the RFDCPA;

B.  Actual damages;

C.  Statutory damages for willful and negligent violations;

D.  Costs and reasonable attorney's fees,

E.  For such other and further relief as may be just and proper.

## COUNT III: COMMON LAW INVASION OF PRIVACY BY INTRUSION AND INVASION OF PRIVACY BY PUBLICATION OF PRIVATE FACTS

10. Plaintiff reincorporates by reference all of the preceding paragraphs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A.  Actual damages

B.  Punitive Damages; and,

C.  For such other and further relief as may be just and proper.

### PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this 18th day of April, 2009.

By: _____
**TODD M. FRIEDMAN (216752)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877 206-4741
Fax: 866 623-0228
tfriedman@attorneysforconsumers.com**
Attorney for Plaintiff